IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HELAL SAFI, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-26-CV-01462-FB |
| | § | |
| WARDEN, South Texas ICE Processing Center; *et al.*, | § | |
| | § | |
| | § | |
| *Respondents*. | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Report and Recommendation of United States Magistrate Judge (ECF No. 18) concerning the Amended Petition for Writ of Habeas Corpus ("Petition") (ECF No. 11) filed by Petitioner Helal Safi ("Petitioner"), along with the Federal Respondents ("Respondents") written objections (ECF No. 19) thereto.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed Respondents' submission in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit. This Court agrees that Petitioner has been detained beyond the presumptively reasonable period under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and there is no significant likelihood of his removal to a third country in the reasonable future.

IT IS THEREFORE ORDERED that the Report and Recommendation of United States Magistrate Judge (ECF No. 18) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that the Amended Petition (ECF No. 11) is **GRANTED** and:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Helal Safi from custody to a public place no later than **September 7, 2026,** subject to the execution of his final order of removal, which the Respondents are free to act upon lawfully and pursuant to the applicable procedures. Petitioner may be released subject to an Order of Supervision, as may be appropriate under applicable regulations and governing law, although the record here reflects that only minimal conditions would appear appropriate. Indeed, the Court notes that no national security or safety concerns whatsoever were raised at any time as a basis to require continued detention, and that if such concerns had been properly at issue they would have colored the Court's analysis and conclusions.

2. Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3. Respondents shall **FILE** a status report no later than **September 8, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 2nd day of September, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE